

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Marion McGee
County Auditor
Hays County
San Marcos, Texas

Dear Sir:

Opinion No. 0-5512
Re: Is it lawful to pay that
part of the salaries of
the County Commissioners
of Hays County for serv-
ices performed in the
maintenance of the public
road system of Hays Coun-
ty from the motor vehicle
registration fees, which
are part of the road and
bridge fund?

Your request for an opinion on the above matters
has been received and carefully considered. We quote said
request as follows:

"Is it lawful for Hays County to pay the
salaries of the County Commissioners, from
July 19, 1943, the date of your opinion No.
0-5338, with road and bridge funds collected
in 1945 from the rent and operating of equip-
ment, provided it is unpledged?

"In your opinion No. 0-5338, page 7, we
quote,

'the funds collected by Hays County by
means of the 15¢ constitutional tax
levy for the purpose of paying the
principal and interest on outstanding

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

road and bridge indebtedness cannot be used for any other purpose, and the funds so collected being sufficient to take care of said indebtedness, the funds received from the motor vehicle registration fees cannot be used to pay said indebtedness.'

"Is it lawful if the 15¢ constitutional tax levy is not sufficient to take care of said indebtedness to pay the excess indebtedness from the motor vehicle registration fees, and on the other hand if the 15¢ constitutional tax levy is more than sufficient to take care of said indebtedness, may the excess be used to pay any of the salaries of the County Commissioners?

"We quote from your opinion No. O-5533, page 10,
"'It is our opinion, therefore, that the salaries of the County Commissioners of Hays County can be paid from the road and bridge fund insofar as the funds so used are in payment for services performed in the maintenance of the public road system of Hays County, etc.'

"Is it lawful to pay that part of the salaries of the County Commissioners of Hays County, for services performed in the maintenance of the public road system of Hays County from the motor vehicle registration fees, which are part of the road and bridge fund?"

Article 2372e, Vernon's Annotated Texas Civil Statutes, authorizes counties to permit the use of road machinery and equipment for the purposes therein stated and receive compensation therefor, and that "all such compensation or funds to the county to be paid into the Road & Bridge Fund of the County". No restrictions are placed upon the use of said funds after same are placed in said Road & Bridge Fund, therefore, it is our opinion that same may be used

for the same purposes as the unpledged funds in the regular Road & Bridge Fund may be used; subject, however, to the following limitations under the facts stated by you:

Article 689a-9, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

" . . . . The budget shall also contain a complete financial statement of the county, showing all outstanding obligations of the county, the cash on hand to the credit of each and every fund of the county government, the funds received from all sources during the previous year, the funds available from all sources during the ensuing year, the estimated revenues available to cover the proposed budget and the estimated rate of tax which will be required. (Acts 1931, 42nd Leg., p. 339, ch. 206, § 10.)"

Article 689a-11, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

" . . . . When the budget has been finally approved by the Commissioners' Court, the budget, as approved by the Court, shall be filed with the Clerk of the County Court, and taxes levied only in accordance therewith, and no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the Court. Except that emergency expenditures, in case of grave public necessity to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget, may from time to time be authorized by the Court as amendments to the original budget. . . . "

The only way the county budget can be amended after its adoption is in strict compliance with the above statutory provisions. This department has ruled on several

occasions that whether a situation is one which can be classified as an emergency under the budget law so as to permit the Commissioners' Court to amend the budget is a question of fact to be passed upon by the Commissioners' Court. Therefore, whether or not such a "grave public necessity" exists in Hays County to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget such as would authorize the Commissioners' Court to now amend its budget and use unpledged funds collected in 1943 from the rental and operation of its road machinery and equipment to pay a part of the salaries of its County Commissioners is a fact question to be determined primarily by the Commissioners' Court. Unless there does exist such "grave public necessity", the Commissioners' Court cannot now so amend its budget and use said funds for such purpose.

We enclose herewith copies of opinions Nos. O-1022, O-1053 and O-4833, which deal with the budget law, and fully explain its provisions.

Article 6675a-10, Vernon's Annotated Texas Civil Statutes, provides that: "All moneys allocated to the counties by the provisions of this Act (Arts. 6675a-1 to 6675a-14; P. C. Art. 807a) may be used by the counties in the payment of obligations, if any, issued and incurred in the construction or the improvement of all roads, including State Highways of such counties and districts therein; or the improvement of the roads comprising the County Road System". Therefore, it is our opinion that funds received from motor vehicle registration fees could be used to take care of any indebtedness incurred for such purposes where the 15¢ constitutional tax levy is not sufficient therefor. But, on the other hand, if the 15¢ constitutional tax levy is more than sufficient to take care of said indebtedness, the excess cannot be used to pay any part of the salaries of the County Commissioners, as that would be using such funds for a purpose for which they were not raised. Such excess, however, could be retained in said fund and applied in future years to the purpose for which it was raised, and thereby possibly reduce the tax rate for that purpose. We

direct your attention to the following holding in the case of Carroll vs. Williams, 202 S. W. 504, which was also set out in our opinion No. O-5338 on page 6 thereof:

"No implied power to transfer money from one to another such constitutional fund is derived from the fact that the original fund contains more than enough to meet the current demands against it. Such excess may be retained in that fund, and applied in succeeding years to the very purpose for which it was raised, thereby possibly reducing the future tax rate for that purpose."

Article 6675a-10, Vernon's Annotated Texas Civil Statutes, also contains the following provision:

" . . . . None of the monies so placed to the credit of the Road & Bridge Fund of a county shall be used to pay the salary or compensation of any County Judge or County Commissioner, . . . ."

Therefore, it is our opinion that it is not lawful to pay any part of the salaries of the County Commissioners of Hays County for services performed in the maintenance of the Public Road System of Hays County from the Motor Vehicle Registration fees. We so held in opinion No. O-5338, page 7.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Jas. W. Bassett*
Jas. W. Bassett
Assistant

APPROVED AUG 31, 1943

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS

JWB:ff


APPROVED OPINION COMMITTEE BY *BWB* CHAIRMAN